DISCIPLINARY PROCEEDINGS
liPER CURIAM.
This action involves consideration of two consolidated disciplinary proceedings. The Office of Disciplinary Counsel brought formal charges against Robert J. Fabacher, Jr. on January 19, 1993. Fabacher was charged with having been convicted of serious criminal conduct[1] in violation of Rules 3.4(a, f), and 8.4(a-d) of the Rules of Professional Conduct which adversely reflected upon Fa-bacher’s moral fitness to practice law under this Court’s Rule XIX, § 19(B).
On May 19,1993, a hearing on the charges against Fabacher was held. The evidence revealed that a federal grand jury and the Federal Bureau of Investigation were investigating the alleged criminal activity of Fa-bacher and two other individuals. Although aware of the FBI’s investigation, Fabacher asked the wife of one of the individuals not to talk to the federal authorities. As evidence of mitigation, Fabacher testified that he was suffering from severe financial, marital, and alcoholic problems. Fabacher was placed on Interim Suspension by order of this Court on October 29,1992, because of his conviction on the obstruction of justice charge.
Fabacher was later charged with three counts of failure to respond to separate subpoenas issued by the Office of Disciplinary Counsel in three separate matters under investigation by that office. These subpoenas ordered Fabacher to appear for deposition and produce requested documents. Because Fabacher failed to file l2an answer to these charges, the Disciplinary Counsel contended that the charges were deemed admitted pursuant to this Court’s Rule XIX, § 11(E)(3). A hearing was held on November 12, 1991. Fabacher did not appear. After the Disciplinary Counsel presented a prima facie case, the Hearing Committee recommended disbarment.
*916 On November 19, 1992, a-hearing was held during which Fabacher presented evidence of mitigation to excuse his failure to cooperate with Disciplinary Counsel. The Hearing Committee concluded that Fabacher had not intentionally ignored the orders of Disciplinary Counsel but was in a physical and mental state “which precluded him from dealing rationally under the circumstances.” This condition was primarily the result of excessive alcohol intake, coupled with mental depression occasioned by severe financial and marital difficulties.
On December 13, 1993, the Disciplinary Board heard the consolidated ease against Fabacher. On March 24, 1994, the Board filed its report with this Court in which it recommended that Fabacher be disbarred and required to comply with the specific requirements of this Court’s Rule XIX, § 24(E)(3) upon consideration for readmission.[2] It also recommended that Fabacher be required to pay all costs of these proceedings pursuant to Rule XIX, § 10(A)(7). The Board concluded that because Fabacher’s conduct “falls well below the standard the profession seeks to uphold,” disbarment was appropriate. First, although recognizing that Fabacher’s conviction was a misdemean- or and not a felony, the Board noted that Fabacher’s conduct was still criminal and involved |3dishonesty with an attempt to interfere with the administration of justice. Second, the Board cited to ABA Standard § 6.22 which declares that “suspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or party, or interference or potential interference with a legal proceeding.” See A.B.A. Standard § 6.22. The Board concluded that Fabaeher’s failure to comply with the subpoenas issued by the Office of Disciplinary Counsel, coupled with other incidents of noncooperation and his criminal conviction for witness tampering, warrant disbarment.
Fabacher was served notice of this recommendation and its filing with this Court on May 19,1994, and has not filed any objection or other documents in opposition with this Court.
Based on the record before us, and in conformity with Rule XIX, § 19(E) and 20, we hereby adopt the recommendation of the Disciplinary Board, including the required compliance with Rule XIX, § 24(E)(3). Pursuant to Rule XIX, § 10(A)(7), we hereby order Robert J. Fabacher disbarred and his license to practice law revoked, effective October 29, 1992 (the date of his earlier interim suspension), and further order all costs of these proceedings assessed against him.
DISBARMENT ORDERED.
HALL, J., not on panel.

. On October 23, 1990, Fabacher entered into a plea agreement with the U.S. Attorney’s Office. Fabacher had been earlier charged with one count of the violation of 18 U.S.C. 1512(b)(2) for knowingly and intentionally harassing another person and hindering, delaying, and dissuading that person from reporting to a law enforcement officer of the United States the commission or possible commission of a federal offense. Fa-bacher pled guilty to one count of obstruction of justice (witness tampering).

. Supreme Court Rule XIX, § 24(E)(3) provides that a lawyer may be readmitted only if he meets the following requirement;
If the lawyer was suffering under a physical or mental disability or infirmity at the time of suspension or disbarment, including alcohol or other drug abuse, the disability or infirmity has been removed. Where alcohol or other drug abuse was a causative factor in the lawyer's misconduct, the lawyer shall not be reinstated or readmitted unless:
(a) the lawyer has pursued appropriate rehabilitative treatment;
(b) the lawyer has abstained from the use of alcohol or other drugs for at least one year; and
(c) the lawyer is likely to continue to abstain from alcohol or other drugs.